# Exhibit 1

DATE FILED
April 6, 2026 7:22 PM
FILING ID: EC8E95D21BB03
CASE NUMBER: 2026CV31236

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver Colorado 80202 | |
| **Plaintiff:**<br><br>**ZARMINE SHAHVEKILIAN**<br><br>**v.**<br><br>**Defendants:**<br><br>**COSTCO WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE;**<br>**MAPLEBEAR INC. d/b/a INSTACART;** and<br>**JOHN DOE 1.** | **▲ COURT USE ONLY ▲** |
| **ATTORNEYS FOR PLAINTIFF:**<br>Name: Jacob M. Burg, Reg. No. 47766<br>Morgan L. Carroll, Reg. No. 31941<br>Robert R. Harper, Reg. No. 48454<br>Address: Burg Simpson Eldredge Hersh & Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, Colorado 80112<br>Phone No.: (303) 792-5595<br>Fax No.: Declined pursuant to C.R.C.P. 5(b)<br>E-Mail: jburg@burgsimpson.com<br>mcarroll@burgsimpson.com<br>rharper@burgsimpson.com | Case No.:<br><br>Division: |
| **PLAINTIFF'S COMPLAINT AND JURY DEMAND** | |

COMES NOW**,** Plaintiff, Zarmine Shahvekilian, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., hereby submit her Complaint and Jury Demand against Defendants Costco Wholesale Corporation d/b/a Costco Wholesale (Costco); and Maplebear Inc. d/b/a Instacart (Instacart); and John Doe and alleges as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Zarmine Shahvekilian (hereinafter "Plaintiff Shahvekilian") was a citizen and resident of the State of Colorado, c/o Burg Simpson Eldredge Hersh & Jardine, P.C., at 40 Inverness Drive East, Colorado 80112.

2. At all times relevant to this action, Defendant Costco Wholesale Corporation (hereinafter "Costco") is and was a Colorado corporation licensed to conduct business in the State of Colorado. Costco has its principal office at 999 Lake Drive, Issaquah, Washington 98027. Its registered agent is CT Corporation System who is located at 7700 East Arapahoe Rd, Ste. 220, Centennial, Colorado 80112, in Arapahoe County.

3. At all times relevant to this action, Defendant Maplebear Inc. d/b/a/ Instacart (hereinafter "Instacart") was and is a Colorado corporation licensed to conduct business in the State of Colorado. Instacart has its principal office at 50 Beale Street, Ste 600, San Francisco 94105. Its registered agent is also CT Corporation System who is located at 7700 East Arapahoe Road, Ste. 220, Centennial, Colorado 80112, in Arapahoe County.

4. Upon information and belief, Defendant John Doe (hereinafter "Defendant John Doe 1") is an employee of Defendant Instacart, who at all times material, was acting in the course and scope of his employment with Defendant Instacart. The domicile of John Doe 1 is unknown to Plaintiff Shahvekilian at this time.

5. Venue is proper in Denver County, pursuant to C.R.C.P. 98(c), as one or more of the Defendants can be found there.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

7. This Court has personal jurisdiction over the Defendants based on their commission of tortious acts in Colorado that caused injury and damages in Colorado to a Colorado resident pursuant to C.R.S. §13-1-124(1)(b).

8. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(5), as one or more of the Defendants can be found in Denver County, Colorado.

## GENERAL ALLEGATIONS

9. Plaintiff Shahvekilian incorporates herein by this reference the allegations set forth with specificity all of the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

10. On February 9th, 2025, Plaintiff Shahvekilian was shopping at the Lone Tree location of Costco at 8686 Park Meadows Center Drive on Super Bowl Sunday.

11. The store was extremely crowded with poor planning for crowd control and foot traffic. The visibility around the displays, particularly around the egg special display, was limited.

12. While shopping at the egg special display inside of Costco, Plaintiff was hit by an Instacart shopper identified in this Complaint as John Doe 1 who knocked Plaintiff Shahvekilian to the ground.

13. Plaintiff Shahvekilian fell on her right side, injured her right knee, and she hit her head in approximately the same place where she had a life-saving brain stent.



14. Plaintiff Shahvekilian lost consciousness immediately upon impact.

15. The impact to her head also caused her nose to bleed and left her in a state of shock.

16. Plaintiff felt pain immediately and had difficulty speaking (paragraphs 11-16 hereinafter referred to as "the incident").

17. An unknown Costco employee recognized the seriousness of her fall and called an ambulance to transport Plaintiff to Sky Ridge Hospital Emergency Room.

18. As a result of the fall, Plaintiff Shahvekilian has had ongoing headaches, neck pain, upper back pain, and right knee pain.

19. Plaintiff Shahvekilian is still having chronic headaches, neck pain, and ongoing difficulty gripping between her right thumb and forefinger.

20. The impact to Plaintiff Shahvekilian's head was particularly concerning because she had a prior aneurism or stroke and had a stent placed in her brain in or around eight (8) years ago.

21. A CT Scan of her head and cervical spine on the day of the injury indicated Anterolisthesis at C4-5 measuring 2 to 3 mm and straightening of normal lordosis as well as light anterolisthesis at C7.

22. Upon review, the presence of medial issues with multiple levels (C4-C5 and C7) suggest a more complex, unstable injury rather than just a muscle strain.

23. Plaintiff Shahvekilian was diagnosed with a head injury, knee injury, and muscle sprains.

24. Plaintiff Shahvekilian has received follow up treatment through Kaiser Permanente as well as physical therapy with Luna Physical Therapy.

25. Plaintiff has sustained injuries and losses as result of this incident.

26. At all relevant times to this action, Costco owned, maintained, leased, and/or managed, a property known as Costco Wholesale located at 8686 Park Meadows Center Drive, Littleton, Colorado 80124 (the "property").

27. Costco is responsible and owns this property that sells and distributes groceries and other goods.

28. Costco is a $445.1 billion dollar company that operates a chain of membership-only big-box warehouse club retain stores.

29. This property invites shoppers to its property for the purchase of its groceries and other assorted goods.

30. Costco charges the public (hereinafter "customers") for entrance to its property through their various membership plans.

31. Among Costco's customers are Defendant's Instacart's employees, whose purpose is to buy and deliver groceries and other goods to the outside public via their various applications available to the public at large.

32. Costco has a long-standing, deep partnership with Instacart, which is behind Costco's ability to provide same-day delivery.

33. Upon information and belief Instacart is the primary partner for Costco's same-day delivery.

34. Costco offers its members discounted Instacart memberships.[1]

[1] Instacart Help Center - Instacart+ and Costco partnership

Help Center   Search

## Instacart+ and Costco partnership

Costco members can receive a reduced annual Instacart+ membership for $79.

Costco members who are new to Instacart+ can also receive 2 free months of Instacart+ membership.

**Instacart+ benefits through Costco include—**

- $79 pricing on annual Instacart+ membership plan
- 2 month free Instacart+ trial membership for new Instacart+ members

**NOTE:** By linking your Instacart account with an active Instacart+ membership to your sameday.costco.com account, you will also enjoy lower item pricing on **every order from sameday.costco.com**. If you redeem this offer and your Costco membership is invalid after your trial or current Instacart+ membership term expires, you'll be charged full price for annual Instacart+ membership.

35. On Super Bowl Sunday, February 9th, 2025, Costco at the Lone Tree location of Costco was incredibly busy and crowded.

36. The store was extremely crowded with poor planning as to crowd control and foot traffic.

37. The visibility around the displays was limited.

38. Eggs were in supply shortage at the time from the avian flu at the time of incident, so a special egg sale display was a foreseeable

39. While shopping, another shopper, Defendant John Doe 1 recklessly and carelessly ran into Plaintiff.

40. Upon information and belief Defendant Costco has knowledge of prior incidents of customers being hit by carts and injured in their stores.[2]

41. Defendant Costco is responsible and owns this property that sells and distributes groceries and other goods.

42. This property invites shoppers to its property for the purchase of its groceries and other assorted goods.

43. Defendant Costco charges the public (hereinafter "customers") for entrance to its property through their various membership plans.

---

[2] *E.g. Glenya Cole-Jackson v. Costco Wholesale Corporation d/b/a Costco*, W2023-01563-COA-R3-CV

44. Among Costco's customers are Defendant's Instacart's employees, whose purpose is to buy and deliver groceries and other goods to the outside public via their various applications available to the public at large.

45. Defendant Costco owed a duty to Plaintiff and failed to keep the premises safe, which led to Plaintiff's injuries.

46. Defendant Costco has refused to provide the incident report, the identity of the Instacart shopper or the relevant surveillance video footage unless Plaintiff filed suit.

47. At all relevant times to this action, Instacart was responsible for the hiring, training and supervision for its employees and shoppers entering into the property located at 8686 Park Meadows Center Drive, Littleton, Colorado 80124.

48. Defendant Instacart is a $9.1 billion company that advertises the ability to order, pick up or delivery groceries for customers.

49. Defendant Instacart refers to itself as "the largest online grocery marketplace in North America."[3]

50. As the largest online grocery marketplace in North America, we provide 98% of families with access to delivery and pickup from over 1,500 retail banners who represent more than 85% of U.S. grocery sales. [4]

51. Instacart promises that "your safety always comes first."[5]



## Safety incident reporting

Your safety always comes first. If you experience an issue related to your shopper, including intoxication or discrimination, food safety, personal injury, or property damage, you can report it directly on the Instacart app or website.

Our Trust & Safety team investigates all reports and will reach out to resolve your issue as quickly as possible.

52. Upon information and belief Defendant Instacart has a known history and problem of its shoppers causing obstructions in stores, reckless behavior, including causing injuries to customers in stores.

---

[3] August 2023 S-1 Filing (IPO Prosectus).
[4] Investor Earnings Call May 8, 2024.
[5] Instacart Help Center - Safety incident reporting

53. Defendant Instacart has a network of over 600,000 active shoppers in North America, averaging about $19.27 / hour or $40,083 in Colorado.[6]

54. Defendant Instacart operates extensively in Colorado, particularly in the Denver Metropolitan area.

55. Defendant Instacart has systematically attempted to misclassify its employee's as independent contractors.[7]

56. Upon information and belief, Defendant Instacart's pay structure encourages speed over safety. The quicker a shopper completes and delivers a transaction, the more orders a shopper can complete in a day. A faster shopper can complete more batches in a day, directly leading to higher earnings.

57. Defendant Instacart owed a duty to Plaintiff to screen, train and supervise their shoppers, which led to Plaintiff's injuries.

58. Defendant Instacart has refused to provide the incident report, the identity of the Instacart shopper or the relevant surveillance video footage unless Plaintiff filed suit.

59. While shopping, Defendant John Doe 1 recklessly and carelessly ran into Plaintiff.

60. The identity of Defendant John Doe 1 is known to Defendant Costco and Defendant Instacart, but both refuse to share the investigation materials and John Doe's identity unless Plaintiff filed suit.

61. Plaintiff names Defendant John Doe 1 pursuant to C.R.C.P. 10 until Defendants Costco and / or Instacart share his identity.

62. Defendant John Doe 1 was working for Defendant Instacart at the time when the collision occurred.

63. Upon information and belief, Defendant John Doe was in a rush and acted carelessly and impatiently.

64. Defendant John Doe 1 failed to look or looked but failed to see Plaintiff and collided into her, knocking her over and causing injuries.

65. Defendant Doe 1 owed a duty to Plaintiff to exercise reasonable care in his conduct in Costco.

---

[6] ZipRecruiter

[7] See *People of the State of California v. Maplebear Inc. (d.b.a. Instacart)*, 37-2019-00048731-CU-MC-CTL

66. Defendant Doe 1's failure to exercise reasonable care resulted in injuries to Plaintiff.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Negligence Against Defendant Costco)**

67. Plaintiff Shahvekilian incorporates herein by this reference the allegations set forth with specificity all of the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

68. Costco had a duty of care to manage and maintain their premises in a manner that provides a safe environment for the shoppers at their establishment.

69. Costco breached their duty of care to manage and maintain the premises in a manner that provides a safe environment for the shoppers at their establishment, which includes implementing proper crowd control measures on high traffic days, keep aisles and visibility to aisles clear, and ensuring that the design of end caps and high target sales items can handle the volume that they will foreseeably attract.

70. Eggs were in short supply and facing record prices in February of 2025, primarily due to the outbreak of avian / bird flu.[8]







71. Costco was able to supply eggs at a reasonable price, which drives additional traffic to Costco for families to buy eggs.

72. Costco has a duty to preventing other shoppers from carelessly and recklessly running into other shoppers at their stores and to maintain their hot commodity displays in a way to keep shoppers safe.

73. Costco breached their duty of care to manage and maintain the premises in a manner that provides a safe environment for the shoppers at their establishment, which includes proper crowd

---

[8] <u>Egg prices have soared as farmers contend with bird flu outbreak</u>

control, proper sale display design, maintaining appropriate visibility and preventing shoppers from carelessly and recklessly traversing throughout the store.

74. As a direct and proximate result of Costco's breaches described above, Plaintiff has and will continue to suffer injuries and damages as described above.

75. As a direct and proximate result of Costco's failure to exercise reasonable care to manage and maintain their property in a manner that ensures the safety of their shoppers, Plaintiff Shahvekilian suffered physical injuries.

76. As a direct and proximate result of Costco's failure to exercise reasonable care to manage and maintain their property in a manner that ensures the safety of their shoppers, Plaintiff Shahvekilian suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, and life care expenses.

77. As a direct and proximate result of Costco's failure to exercise reasonable care to manage and maintain their property in a manner that ensures the safety of their shoppers, Plaintiff Shahvekilian suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

78. As a direct and proximate result of Costco's failure to exercise reasonable care to manage and maintain their property in a manner that ensures the safety of their shoppers, Plaintiff Shahvekilian suffered permanent physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
**(Statutory Premises Liability Pursuant to C.R.S. § 13-21-115 Against Defendant Costco)**

79. Plaintiff Shahvekilian incorporates herein by this reference the allegations set forth with specificity all of the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

80. According to the Premises Liability Act, Costco is a "landowner" with possession and control over the property at the time of the incident pursuant to C.R.S. § 13-21-115(1) ("For the purposes of this section, "landowner" includes, without limitation . . . a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.").

81. At the time of the injury, the Plaintiff was an "invitee" pursuant to the Premises Liability Act. C.R.S. § 13-21-115(3)(c)(I).

82. Defendant Costco, as the "landowner" of the property and premises at issue, had a duty to use reasonable care to maintain the premises, including the aisles of their shopping venue, in a reasonably safe manner at the time of the incident pursuant to C.R.S. § 13-21-115, and to use

reasonable care to protect invitees, including the Plaintiff, against dangers of which it knew or should have known, including against those erratic actions of shoppers in general.

83. Defendant Costco knew or should have known that Super Bowl Sunday would draw extraordinary crowd sizes which would need safe planning for the foreseeable crowding in the store.

84. Defendant Costco knew that in a time of egg shortage and elevated egg prices their design and display for the egg sale would bring a concentration of fairly competitive traffic and would need to be designed with visibility and access and safety in mind.

85. Defendant Costco knew or should have known that the John Doe was shopping in a way that created an unsafe environment for other shoppers.

86. Defendant Costco knew, or should have known, that a dangerous condition existed on the premises at issue, namely that there was an unsafe environment created when John Doe entered the shopping venue.

87. Defendant Costco knew, or should have known, that invitees such as Plaintiff, would use the shopping isles for ingress and egress alongside John Doe's erratic and unsafe shopping behavior.

88. It was foreseeable to Defendant that invitees, such as the Plaintiff, would be injured by John Doe's erratic and unsafe shopping venture.

89. Defendant Costco was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and their, or their agents and/or employees unreasonably failed to exercise reasonable care to protect the Plaintiff Shahvekilian and other shoppers.

90. Defendant Costco failed to comply with their duties to the Plaintiff Shahvekilian in the following respects, including, but not limited to:

(a) Failure to plan and implement safe crowd control plans;
(b) Failure to design and monitor high traffic, high demand egg sale endcap;
(c) Failure to monitor the erratic behavior of its shoppers;
(d) Failure to observe unsafe shopping occurrences and situations;
(e) Failure to remove Defendant John Doe from the establishment due to the unsafe manner in which he was shopping;
(f) Failure to exercise reasonable care to prevent dangerous shoppers from colliding into others.

91. As a direct and proximate result of Defendant Costco's failure to exercise reasonable care to protect Plaintiff from the dangerous conditions described above, Plaintiff suffered physical injuries.

92. As a direct and proximate result of Defendant Costco's failure to exercise reasonable care to protect Plaintiff Shahvekilian from the dangerous conditions described above, Plaintiff Shahvekilian suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, and life care expenses.

93. As a direct and proximate result of Defendant Costco's failure to exercise reasonable care to protect Plaintiff Shahvekilian from the dangerous conditions described above, Plaintiff Shahvekilian suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

94. As a direct and proximate result of Defendant Costco's failure to exercise reasonable care to protect Plaintiff Shahvekilian from the dangerous conditions described above, Plaintiff Shahvekilian suffered temporary and permanent physical impairment and disfigurement.

**THIRD CLAIM FOR RELIEF**
**(Negligence Against Defendant Instacart)**

95. Plaintiff Shahvekilian incorporates herein by this reference the allegations set forth with specificity all of the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

96. Instacart had a duty of care to manage, supervise, train and/or control their employees and/or authorized workers in a manner that ensures the safety of others.

97. Instacart breached their duty of care to manage, supervise, train and/or control their employees and/or authorized workers in a manner that ensures the safety of others, when John Doe crashed into Plaintiff Shahvekilian while shopping.

98. As a direct and proximate result of Instacart's breaches described above, Plaintiff Shahvekilian has, and will continue to suffer injuries and damages as described above.

99. As a direct and proximate result of Instacart's failure to exercise reasonable care to manage, supervise, train and/or control in a manner that ensures the safety of others, Plaintiff Shahvekilian suffered physical injuries.

100. As a direct and proximate result of Instacart's failure to manage, supervise, train and/or control in a manner that ensures the safety of others, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, and life care expenses.

101. As a direct and proximate result of Instacart's failure to exercise reasonable care to manage, supervise, train and/or control in a manner that ensures the safety of others, Plaintiff Shahvekilian suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

102. As a direct and proximate result of Instacart's failure to exercise reasonable care to manage, supervise, train and/or control in a manner that ensures the safety of others, Plaintiff Shahvekilian suffered permanent physical impairment and disfigurement.

## FOURTH CLAIM FOR RELIEF
**(Negligent Training and Supervision against Defendant Instacart)**

103. Plaintiff Shahvekilian incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

104. Defendant Instacart owed a duty to the general public, including Plaintiff Shahvekilian, to exercise reasonable care in training and supervising its employees and/or agents, including Defendant John Doe 1.

105. Defendant Instacart breached its duties in training and supervising Defendant John Doe by permitting him to shop in an unsafe manner, one in which created a dangerous environment for Plaintiff Shahvekilian, and other shoppers alike.

106. Defendant Instacart's actions and inactions in failing to train and supervise Defendant John Doe and in allowing him to shop with dangerous tendencies was careless, reckless, and negligent.

107. As a direct and proximate result of Instacart's careless, reckless, and negligent actions and inactions in causing the incident, Plaintiff Shahvekilian suffered injuries, damages, and losses as further described herein, the amounts of which will be proven at trial.

## FIFTH CLAIM FOR RELIEF
**(*Respondeat Superior* Against Defendant Instacart)**

108. Plaintiff Shahvekilian incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

109. On the date of the incident complained of and at all times material hereto, Defendant Instacart was a California corporation and was engaged in business in the State of Colorado.

110. On the date of the incident, complained of and at all times material hereto, upon information and belief, Instacart held out John Doe 1 as its agent, apparent agent, servant, or employee.

111. Instacart owned, operated, maintained, and controlled its business and, in that capacity, did employ Defendant John Doe 1, or otherwise was vicariously responsible for their acts.

112. Defendant Instacart directed, controlled, and/or maintained the right to control, and supervised the duties of its agents, apparent agents, servants, or employees in the operation of the shopping of Defendant John Doe 1 herein, and did so at all times material to this matter, such that Defendant John Doe 1 was acting within the course and scope of their business relationship with Defendant Instacart.

113. On the date of the incident complained of, Defendant Instacart's agent, apparent agent, servant, or employee, Defendant John Doe 1, was negligent and engaged in the reckless operation of the subject shopping cart in Defendant's Costco's establishment.

114. Defendant Instacart in its capacity of principal, master, or employer is vicariously responsible for the acts of Defendant John Doe 1.

115. As a direct and proximate result of Defendant John Doe 1's careless, negligent, reckless conduct, Plaintiff Shahvekilian suffered economic and non-economic damages including, but not limited to, past and future income loss, past and future medical expenses, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, and permanent physical impairment as further described herein.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**(Negligence Against Defendant John Doe 1)**

116. Plaintiff Shahvekilian incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

117. Defendant John Doe 1 owed a duty to Plaintiff to operate their shopping cart and body in a safe and reasonable manner while shopping at Defendant Costco's establishment.

118. Defendant John Doe 1 breached the aforementioned duties by failing to operate their shopping cart in a safe and reasonable manner, including, but not limited to, carelessly, negligently, recklessly, and erratically maneuvering it in and around others in the aisles in an unsafe manner of Defendant Costco's establishment.

119. Defendants John Doe 1's actions and inactions constitute negligent and reckless conduct.

120. As a direct and proximate result of Defendants John Doe 1's careless, negligent, and reckless conduct, Plaintiff Shahvekilian suffered economic and non-economic damages including, but not limited to, past and future income loss, past and future medical expenses, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, and permanent physical impairment as further described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants for relief in amounts to be determined at trial, as follows:

1. Economic damages, including, but not limited to, past and future medical and rehabilitation expenses, lost wages, and out-of-pocket expenses;

2. Non-economic damages, including, but not limited to, past and future pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, fear, humiliation, anxiety, and emotional distress;

3. Damages for physical impairment and disfigurement;

5. All other compensatory damages caused by the Defendants' acts and/or omissions, to be proven at trial;

6. Pre-judgment and post-judgment interest as provided for by law;

7. Attorney fees, costs, and expenses of this action as provided for by law; and

8. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of April 2026.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signed copy on file at the law offices of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

*/s/ signature on file*
*Jacob M. Burg*
Robert R. Harper, Reg. No. 48454
Jacob M. Burg, Reg. No. 47766
Morgan L. Carroll, Reg. No. 31941
*Attorneys for Plaintiff*